MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

REPLEVIN, § 164*—*when judgment sustained.* In an action of replevin to recover possession of a dog, where the evidence was conflicting as to its identity, but the trial court had opportunity to verify the testimony of witnesses by examination and observation of the dog, which was produced in the trial court, *held* to sustain a judgment for the defendant.

Johanna Haller, Defendant in Error, v. R. N. Hopkins, Plaintiff in Error.

Gen. No. 21,158.   (Not to be reported in full.)

Error to the Municipal Court of Chicago ; the Hon. JOHN K. PRINDI-VILLE, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

## Statement of the Case.

Action of replevin by Johanna Haller, plaintiff, against R. N. Hopkins, defendant, in the Municipal Court of Chicago, to recover possession of goods wrongfully seized on a distress warrant as the property of a third person. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

Defendant, under a distress warrant authorizing him to distrain for rent due from Walter A. Sanoica for premises No. 2013 West North avenue, seized store fixtures which Johanna Haller, plaintiff, claimed belonged to her and not to Sanoica. The property seized consisted of show cases, cash register and desk.

The evidence tended to prove that prior to March 1, 1909, this property belonged to Otto G. Haller and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was used in a drug store owned by him. On that date by bill of sale he conveyed this property to plaintiff, his wife, and the bill of sale was duly recorded in the recorder's office of Cook county. Subsequently Otto G. Haller died. On March 30, 1912, plaintiff, who was not a druggist, made an agreement with Sanoica, who was a druggist, to manage the drug store at No. 2013 West North avenue for a period ending March 31, 1913, which agreement was subsequently extended for a period of five years. By this agreement the stock and fixtures were leased to Sanoica for a rental payable in monthly instalments. He was also to assume the rent of the store room No. 2013 West North avenue. The lease of this store room to Haller (although the exact lessee does not clearly appear) apparently having terminated, a new lease of No. 2013 was made by Tabor, Fay *et al.*, trustees, etc., who had recently purchased this property, to Sanoica. This lease was dated September 22, 1913, and was for a period of about six years. Sanoica was unable to keep up his payments to plaintiff under his contract with her, and about September, 1914, by mutual agreement this contract was terminated and the stock and fixtures of the drug store were moved out of No. 2013 and into No. 2011, a store room which she had leased. Sanoica continued working for her. The distress warrant was for rent due from Sanoica for October, 1914, of No. 2013, but defendant seized the property which was in plaintiff's store, No. 2011.

The landlords, through their agent, were informed two days before the levy that plaintiff and not Sanoica owned the store, and at the time of the levy the defendant was specifically so informed.

Franklin E. Vaughan, for plaintiff in error.

Louis Pinderski and J. Arthur Johnson, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 366*—*when title to distrained property shown to be in third person.* In an action of replevin to recover possession of personal property wrongfully seized on a distress warrant as the property of a third person, evidence examined and a finding that at the time the distress warrant was levied plaintiff had both title to and possession of the property sought to be recovered, *held* warranted by the evidence.

2. LANDLORD AND TENANT, § 366*—*when landlord not misled as to ownership in distraining property.* In an action of replevin to recover personal property belonging to plaintiff, consisting of fixtures formerly used in a drug store which were wrongfully seized on a distress warrant against a third person, where it appeared that the property when seized was not in the possession of such third person and that plaintiff claimed under a bill of sale duly recorded, and where it further appeared that plaintiff notified the landlord and defendant of her title before the seizure was made, *held* that such landlord could not have been misled as to the title to the goods, for the reason that the record of such bill of sale was constructive notice of plaintiff's title, and defendant having acted in the face of notice of plaintiff's title, any prior statements by such third person, claiming title in himself, if competent, would not excuse the act of defendant or affect plaintiff's right to maintain the action.

3. LANDLORD AND TENANT, § 44*—*when demand unnecessary.* Where a taking of personal property is wrongful, a demand is not necessary in order to maintain replevin to recover the goods taken.

4. REPLEVIN, § 114*—*what evidence admissible in action to recover distrained property.* In an action of replevin to recover goods of plaintiff wrongfully seized by defendant under a distress warrant against a third person, a bill of sale duly recorded under which plaintiff claimed title to the goods, as well as a contract between plaintiff and such third person relating to the goods in question, are competent on the question of plaintiff's title to the goods sought to be replevied, for the reason that whether or not such contract was a contract of sale in so far as the stock of a drug store was concerned, yet as to the fixtures it was clearly a contract of lease.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.